IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sung Teak Yoo | ) |
|           Plaintiff, | ) Case No. 18-cv-281 |
| v. | ) |
| | ) Judge |
| Studio of Master's Touch, Inc., David Jang and In Jae Moon | ) |
|           Defendants. | ) |

## COMPLAINT

Plaintiff, Sung Teak Yoo, through his attorneys, for his Complaint against Studio of Master's Touch, Inc., David Jang and In Jae Moon ("Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et. seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 et seq., for Defendants' failure to pay the minimum wage to Plaintiff. During the course of his employment by Defendants, Plaintiff is paid wages less than both the federal and State of Illinois mandated minimum wage. In addition, despite Plaintiff worked in excess of forty (40) hours per week, Plaintiff was not paid overtime wages. Plaintiff further alleges that Defendants' failure to pay the regular and overtime wages is willful and intentional.

### THE PARTIES

2. Plaintiff is at all times relevant hereto employee of Defendants.

3. Plaintiff is at all times relevant hereto individual employed in the State of Illinois by Defendants.

1

4. Plaintiff is at all times relevant hereto resided in the State of Illinois.

5. Plaintiff is at all times relevant hereto a non-exempt employee within the meaning of the FLSA, and the Illinois Minimum Wage Law, and the implementing rules and regulations of the FLSA and the Illinois Minimum Wage Law.

6. Plaintiff is filing this FLSA claim as an individual action for himself.

7. Plaintiff was hired by Defendant In Jae Moon as an entry level of technician. Defendant Moon initially did not offer Plaintiff any hourly rate because Plaintiff was inexperienced. And Moon just told Plaintiff they will set his rate after 2 weeks training.

8. For the period commencing on or about November 29, 2017, until December 15, 2017, Plaintiff Sung Teak Yoo regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

9. Plaintiff began his work at 8 a.m. and ended 6 p.m every day from Monday through Friday. He routinely and regularly worked 10 hours per day 5 days per week.

10. Two weeks later, Moon offered Plaintiff $1,000.00 every month. Plaintiff counter offered Moon $2,500.00 per month. Moon asked Plaintiff for time to think about. But Moon did not provide any response to Plaintiff's counteroffer, Plaintiff had no choice to quit the job because he was not paid a penny.

11. Plaintiff requested Moon to pay him for 2 weeks at least, but Moon refused to pay him any wage.

12. Plaintiff performed work for Defendants the said excess of forty (40) hours per week work as an express condition of his continued employment.

13. Throughout Plaintiff's employment, Defendants had never paid Plaintiff any wage per week regardless of the number of hours he worked in a day or the number of hours he worked in a workweek.

14. Plaintiff regularly worked more than 40 hours a week and was never paid any amount of regular and overtime wages.

15. Plaintiff regularly worked more than 40 hours per week while employed by Defendants.

16. Plaintiff performed manual labor for Defendants.

17. Plaintiff was assigned to the said manual labor by Defendants.

18. Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

19. Plaintiff did not have to supply his own tools and equipment in connection with his work for Defendants.

20. Plaintiff was required to report to work for Defendants at a certain time.

21. Plaintiff could not set his own hours of work for Defendants.

22. Plaintiff was not compensated any overtime rate for hours worked in excess of forty (40) hours per week.

23. Defendants, David Jand and In Jae Moon are and were at all relevant times hereto engaged in the business of Dental Lab.

24. Defendants, David Jand and In Jae Moon are and were at all relevant times hereto engaged in the interstate commerce.

25. Defendants, David Jand and In Jae Moon ("Jang" and "Moon") managed, supervised, established and administered the terms and conditions of Plaintiff's employment.

26. Defendants Jang and Moon participated in and approved of the unlawful pay practices of the business Studio of Master's Touch, Inc. at Barrington, IL.

27. Defendants Jang and Moon were involved in assigning work to Plaintiff.

28. Defendants Jang and Moon had the power and authority to discipline Plaintiff.

29. Defendants Jang and Moon exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

30. Defendants Jang and Moon hired Plaintiff.

31. Defendants Jang and Moon were in charge of paying employees.

32. Defendants Jang and Moon told Plaintiff where to work and when to work.

33. Defendants employed Plaintiff to do work for them in the State of Illinois.

34. Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

35. Defendants provided the tools and equipment and materials for Plaintiff to do his job with Defendants.

36. Defendants held Plaintiff out as an employee.

37. At all times relevant hereto, the acts and omissions of Defendants, and each of them concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and damages alleged herein.

38. At all times relevant hereto, Defendants, and each of them approved of, condoned and/or otherwise ratified each and every one of the acts or omissions of the other Defendants complained of herein.

39. At all times relevant hereto, Defendants, and each of them aided and abetted the acts and omissions of each and every one of the other Defendants, thereby proximately causing the damages as herein alleged.

40. Defendants employed and paid Plaintiff as their employee.

41. Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the Illinois Minimum Wage Law.

42. Defendants' failure to properly pay Plaintiff for overtime wages was intentional and willful.

43. No exemption from overtime wages applied to Plaintiff's employment with Defendants.

44. Defendants never obtained legal advice or counsel that them overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

45. Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

46. No exemption from overtime applies or applied to Plaintiff when he worked or works more than 40 hours in a workweek for Defendants.

47. Defendants failed to pay Plaintiff overtime compensation for all hours worked in excess of 40 hours per workweek.

48. Defendants' failure to pay Plaintiff at the proper overtime rate was intentional and willful.

49. Defendant Studio of Master's Touch, Inc. is an Illinois corporation doing

5

business as a Dental Lab and is an enterprise as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

50. Defendants are subject to the FLSA and IMWL by the nature of their business and the amount of revenues generated. Defendants' annual dollar volume of the business exceeds five hundred thousand dollars ($500,000.00).

51. Defendants David Jang is a citizen and resident of Cook County and is the President of Defendant Studio of Master's Touch, Inc.

52. Defendant In Jae Moon is a citizen and resident of Cook County and is the CEO of Defendant Studio of Master's Touch, Inc.

## JURISDICTION AND VENUE

53. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

## COUNT I
### Violation of the Fair Labor Standards Act -Overtime Wages

54. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

55. This count arises from Defendants' repeated violation of the Fair Labor Standards Act, 29 U.S.C. §201. *et. seq.,* and for their failure to pay overtime wages to

Plaintiff for all hours worked.

56. For Plaintiff Sung Teak Yoo, for the period commencing on or about November 29, 2017, until December 15, 2017, Plaintiff Sung Teak Yoo regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

57. Plaintiff performed work for Defendants the said excess of forty (40) hours per week work as an express condition of his continued employment.

58. Throughout Plaintiff's employment, Defendants never paid Plaintiff any amount per week regardless of the number of hours he worked in a day or the number of hours he worked in a workweek.

59. Plaintiff regularly worked more than 40 hours a week and was never paid any amount of overtime wages.

60. This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b) and venue is proper in this judicial district.

61. Plaintiff was directed by Defendants to work and did so work, in excess of forty (40) hours per week.

62. Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at a rate of one and one-half times their regular rate of pay.

63. Defendants did not compensate Plaintiff at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

64. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29

U.S.C. §207.

65. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the FAIR LABOR STANDARDS ACT
### Minimum Wage Claims

66. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

67. The FLSA requires employers, such as Defendants, to pay employees the minimum wage for all hours worked.

68. At all relevant times, 29 U.S.C. § 206 has defined the minimum wage under the FLSA. Prior to July 23, 2008 (during the applicable statute of limitations), the federal minimum wage was $6.55 an hour. Since July 24, 2009, the federal minimum wage has been $7.25 an hour.

69. Under the applicable statute of limitations, Defendants have failed to pay Plaintiff the federally mandated minimum wage for all hours worked.

70. Plaintiff does not or did not perform job duties or tasks that permit them to be exempt from minimum wage as required under the FLSA.

71. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

72. Plaintiff seeks damages in the amount of all respective unpaid minimum wage compensation at minimum wage rate effective during the applicable work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

73. Plaintiff seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## COUNT III
### Violation of the IMWL - Minimum Wages

74. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

75. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

76. The matters set forth in this count arise from Defendants' violation of the minimum wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

77. At all relevant times herein, Defendants were "employers" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was "employee" within the meaning of that Act.

78. Pursuant to 820 ILCS 105/4, for all hours during which Plaintiff worked, Plaintiff was entitled to be compensated minimum wages.

79. Defendants did not compensate Plaintiff minimum wages for all hours worked.

80. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff minimum wages for all hours worked.

81. Pursuant to 820 ILCS 105112(a), Plaintiff is entitled to recover his unpaid wages, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid minimum wages for all hours worked;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the IMWL - Overtime Wages

82. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

83. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

84. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

85. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

86. Defendants failed to compensate Plaintiff's overtime wages for hours worked in excess of forty (40) in individual work weeks.

87. Defendants violated the Illinois Minimum Wage Law by not compensating Plaintiff's overtime wages for hours worked in excess of forty (40) in individual work weeks.

88. Defendants willfully violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per week.

89. Pursuant to 820 ILCS 105/12*(*a), Plaintiff was entitled to recover unpaid wages for at least three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's hourly wage rate for all hours which Plaintiff worked in excess of forty (40) hours per week

B. Punitive damages pursuant to the formula set forth in 820 ILCS105/12(a);

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the Illinois Wage Payment and Collection Act
### Failure to Pay Claims

90. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

91. The Illinois Wage Payment & Collection Act, 820 ILCS §115/3 et seq., requires that "every employer shall be required, at least semimonthly, to pay every employee all wages earned during the semi-monthly pay period" and pay "final compensation" at the time of separation, if possible, or if not, by the next regularly scheduled payday for the employee.

92. During the applicable statute of limitations, by the course of conduct set forth above, Defendants have failed to pay Plaintiff all wages due in violation of the Illinois Wage Payment & Collection Act, 820 ILCS §115/3 et seq.

93. Because Defendants failed to properly pay wages due as required by law, Plaintiff is entitled under the Illinois Wage Payment & Collection Act, 820 ILCS §115/3 et seq. to recover all wages due, two percent interest per month on all wages due until fully paid, costs, and reasonable attorneys.

WHEREFORE, plaintiff prays for judgment in his favor and against the defendants, and each of them, and for the following relief:

A. damages in an amount equal to the unpaid wages due and owing to the plaintiff, which were wrongfully converted to the defendants' use as described above;

B. statutory penalties as allowed by the IWPCA;

C. interest on all amounts awarded;

D. attorneys' fees, together with costs of suit and collection; and

E. such further relief as may be fair and just in the premises

## JURY TRIAL

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: January 15, 2018

 /s/ Ryan Kim
Ryan J. Kim

 INSEED LAW, P.C.
2454 E Dempster St Suite 301
Des Plaines, IL 60016
Attorney for Plaintiff